**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| NRRM, LLC d/b/a CARSHIELD, and AMERICAN AUTO SHIELD, LLC.<br><br>Plaintiffs,<br><br>vs.<br><br>PELICAN INVESTMENT HOLDINGS, LLC, et al.,<br><br>Defendants. | ) | Case No. 4:25-cv-01566-HEA |

**REQUEST FOR ORAL ARGUMENT AND TESTIMONY**
**ON PLAINTIFF CARSHIELD'S MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Local Rule 4.02, Plaintiff NRRM, LLC d/b/a CarShield ("CarShield"), by counsel, respectfully requests the presentation of oral argument and testimony in connection with its pending Motion for Preliminary Injunction. (Dkt. 7.)

CarShield seeks preliminary injunctive relief to halt Defendant Pelican Investment Holdings, LLC ("Pelican")'s ongoing false and misleading commercial statements made to CarShield's customers through a coordinated telemarketing campaign designed to induce them to cancel their existing coverage and switch to a Pelican-marketed plan instead, based on false and misleading statements. The requested injunction is necessary to prevent continuing irreparable harm to CarShield while this action is pending.

A hearing is warranted because the motion seeks immediate injunctive relief based on ongoing conduct, and its resolution will turn on factual issues concerning the content and dissemination of Pelican's misrepresentations, as well as the resulting harm to CarShield. CarShield anticipates presenting targeted evidence, including sworn testimony, customer

complaints, and call recordings to establish the ongoing nature of the challenged conduct and to address the elements required for preliminary injunctive relief.

A full record will allow the Court to consider the evidence in its proper context, assess witness testimony, and review the contemporaneous audio recordings of affected CarShield customers. Those recordings capture the confusion and alarm caused by Pelican's false statements and illuminate the real-world impact of Pelican's predatory campaign on CarShield's business and resulting harm. Experiencing these calls themselves—CarShield customers questioning whether their coverage is still valid, expressing fear that their plans have been cancelled, and seeking urgent clarification regarding acceptance and usability of their protection plans, all in response to the deliberate lies peddled by Pelican—will provide a far clearer picture of the scope and seriousness of Pelican's misconduct than argument on the papers alone ever could.

For all of these reasons, because oral argument and testimony will assist the Court in evaluating the evidentiary record and resolving the factual and legal issues presented, CarShield respectfully requests that the Court permit oral argument and testimony on the motion.

Dated: January 9, 2026

Respectfully submitted,

/s/Jeffrey H. Kass
Jeffrey H. Kass (E.D. Mo. #60672)
Dickinson Wright PLLC
1125 17th Street, Suite 550
Denver, CO 80202
Tel: (303) 723-8403
Fax: (844) 670-6009
jkass@dickinsonwright.com

and

/s/Alfred D. Carry
Alfred D. Carry (admitted *pro hac vice*)
Dickinson Wright PLLC
1825 I Street NW, Suite 900
Washington, DC 20006
Tel: (202) 466-5960
Fax: (844) 670-6009
acarry@dickinsonwright.com
DC Bar #1011877

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served on this 9th day of January, 2026, through the Court's CM/ECF system, which will send notification of this filing to all counsel of record.

/s/Alfred D. Carry
Alfred D. Carry
*Counsel for Plaintiffs*