UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NRRM, LLC, *doing business as CarShield,*, et al., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) )  No. 4:25-CV-1566 HEA |
| Pelican Investment Holdings, LLC, et al. | ) ) ) |
| Defendants. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the following motions: Motion for Protective Order, filed by Defendants Pelican Investment Holdings, LLC ("Pelican") and National Administrative Service Co., LLC ("NASC") (ECF No. 54); Motion to Expedite and for Limited Discovery, filed by Plaintiff NRRM, LLC, d/b/a CarShield ("CarShield") and American Auto Shield, LLC ("AAS") (ECF No. 10); and Motion for Preliminary Injunction Hearing, filed by CarShield (ECF No. 86). For the reasons that follow, the Court grants in part and denies in part Defendants' Motion for Protective Order, and grants Plaintiffs' Motion for Expedited and Limited Discovery and CarShield's Motion for a Preliminary Injunction Hearing.

*Discussion*

**A. Motion for Expedited and Limited Discovery**

Plaintiffs CarShield and AAS bring suit against Defendants Pelican, NASC, and Sing for Service, LLC b/d/a Mepco for false advertising, unfair competition, tortious interference, and trade secret misappropriation under the Lanham Act, the Defend Trade Secrets Act, and state common law.  Plaintiffs allege Pelican's sales agents have contacted CarShield's customers and are making false and misleading statements designed to induce them to cancel their existing vehicle protection plans with CarShield and to switch to Pelican's competing products. CarShield contends, among other things, that Pelican's agents have told consumers that repair shops no longer accept CarShield plans, that CarShield does not administer its own claims, and that CarShield is unreliable.

CarShield has filed a Motion for Preliminary Injunction against Pelican seeking to prohibit Pelican from making or disseminating any false or misleading statements of fact about CarShield.  The motion is pending before the Court. CarShield and AAS filed a Motion for Expedited and Limited Discovery pursuant to Federal Rule of Civil Procedure Rule 26(d)(1), which they contend is necessary to aid in pursuit of the preliminary injunction. Plaintiffs ask the Court allow them to conduct limited discovery on "telephone call recordings of Pelican's sales calls, sales training scripts, information about how Pelican obtained CarShield's customer lists

2

and related information." (ECF No. 10 at 1). CarShield filed with the Court four proposed written interrogatories and ten document requests, which are directed at Pelican, (ECF No. 38), and it asks that it be allowed to take two depositions.

Defendant Pelican opposes the Motion. Pelican argues discovery is inappropriate at this time, because it has filed a Motion to Dismiss, which is still pending before the Court. It also argues that CarShield has not demonstrated good cause for the expedited discovery, and that CarShield's proposed discovery is not narrowly tailored but rather the written discovery requests "go directly to the underlying merits of the case, and inquire into Pelican's proprietary business operations." (ECF No. 58).

Federal Rule of Civil Procedure 26(d)(1) allows for discovery before a Rule 26(f) conference by court order. Fed. R. Civ. P. 26(d)(1). The Court of Appeals for the Eighth Circuit has not adopted a standard for expedited discovery, and district courts use one of two standards to determine whether a party is entitled to conduct expedited discovery. Some courts apply a "good cause" or "reasonableness" standard, while others analyze a set of factors similar to those for obtaining a preliminary injunction. *Barton v. Proctor & Gamble Co.*, No. 1:22-CV-51 JAR, 2022 WL 2713107, at *2 (E.D. Mo. July 13, 2022); *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008).

3

The Court will follow other judges in this District and apply the "good cause" standard. *Barton*, 2022 WL 2713107, at *2; *Monsanto Co.*, 250 F.R.D. at 413. "Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to the responding party." *Barton* 2022 WL 2713107, at *2 (citations omitted).

Here, the interests of justice weighs in favor of expedited discovery. As discussed below, a preliminary injunction hearing is set for April, at which time CarShield and Pelican are to present evidence in support of and in opposition to CarShield's Motion for Preliminary Injunction. The Court has reviewed CarShield's proposed discovery and finds that it is relevant to CarShield's claims against Pelican and, more specifically, its claim that Pelican is engaging in false and misleading advertising in violation of the Lanham Act – the claim upon which CarShield's Motion for Preliminary Injunction is based. The Court further finds that in the interests of having a more complete record at the preliminary injunction hearing and in order to conserve judicial and attorney resources and avoid duplicative efforts or proceedings, limited, expedited discovery is warranted.

Further, the interest of justice outweighs any potential prejudice to Pelican. First, a pending motion to dismiss does not stay discovery. *See, e.g., LifeScience Techs., LLC v. Mercy Health*, No. 4:21-CV-1279 SEP, 2022 WL 2392966, at *2

4

(E.D. Mo. Apr. 21, 2022). And Pelican's Motion to Dismiss does not challenge threshold questions such as the Court's lack of subject matter jurisdiction, personal jurisdiction, or venue. Second, the discovery CarShield proposes is reasonably limited in the number of interrogatories, requests, and depositions. Finally, Pelican's concerns regarding the disclosure of its proprietary business operations are addressed by the issuance of a protective order, as discussed below.

Finding good cause shown, the Court grants CarShield's motion for leave to conduct limited discovery on an expedited basis. The Court will allow CarShield and Pelican, the parties to the Motion for Preliminary Injunction, to conduct limited, expedited discovery. AAS joined in the Motion to Expedite and for Limited Discovery, but AAS is not a party to the Motion for Preliminary Injunction. To the extent, AAS is seeking expedited discovery, its motion is denied.

**B. Motion for Protective Order**

Defendants Pelican and NASC move pursuant to Federal Rule Civil Procedure 26(c) for the entry of a protective order. Defendants argue that a protective order is necessary because the parties in this case are direct competitors, and CarShield is seeking documents that would reveal Pelican's customer lists, sources of customer leads, sales and marketing record and strategies, and other highly sensitive information. Defendants proposed a two-tier Protective Order under

5

which the parties can designate documents as Confidential and for Attorneys Eyes Only ("AEO").

Plaintiffs responded to Defendants' Motion, and they do not dispute that a protective order is warranted in this case. However, Plaintiffs represent that there is a dispute over the scope of the AEO designation. Defendants represent in their motion that CarShield will not agree to an AEO designation that excludes CarShield's "in house team." Plaintiff CarShield responds that it has compromised, and it now proposes that each party should be allowed to designate one in-house attorney to access AEO material.

In support of its position, CarShield argues that its prosecution of this case will be hampered unless its in-house counsel, Janet Crane, is allowed access to AEO designated materials. CarShield represents that Ms. Crane is a litigation-focused attorney for CarShield, and that she possesses institutional knowledge necessary to interpret discovery accurately, to assess how Defendants' materials impact CarShield's claims and requested injunctive relief, and to coordinate litigation strategy with outside counsel and any experts. It argues that not allowing her to review the documents Defendants produce would force outside counsel to evaluate contextual evidence without access to the internal knowledge necessary to interpret it accurately, which would slow the litigation, increase costs, and materially impair Plaintiffs' ability to respond efficiently issues and prosecute their claims.

6

In support of its position, CarShield submits Ms. Crane's declaration, wherein she attests that her role at CarShield is litigation or compliance-focused and separate from business decision making; she does not advise on pricing, marketing strategy, product design or development, customer acquisition, customer retention, or competitive positioning; and she does not participate in regular board and executive meetings where such topics arise. Defendants did not file a reply in response to CarShield's arguments and proposed compromise.

Federal Rule of Civil Procedure 26(c) allows for the issuance of a protective order upon a showing of good cause. *See Monsanto Co. v. Pioneer Hi-Bred Int'l, Inc.*, No. 4:12-CV-1090 CEJ, 2014 WL 1211111, at *1 (E.D. Mo. Mar. 24, 2014). An order may require that trade secret or other confidential information may be revealed only to certain categories of persons. Defendants, as the parties moving for a protective order – as well as the party proposing a more onerous protective order – bear the burden of demonstrating good cause. *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999). Good cause includes a showing of specific harm or prejudice that will result if protections are not ordered, and a party must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n.16 (1981) (quoting 8C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2035 (1970)). In deciding whether to

issue a protective order, a district court must also consider the hardship to the non-moving party if the order is granted. *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973).

Defendants have not supported their arguments, with evidence from the record, that this litigation was brought for an improper purpose and that Plaintiffs seek a window into Defendants' strategies and sales methods.  Further, Defendants failed to address CarShield's proposal that one in-house attorney be allowed to view AEO documents, and Defendants have not demonstrated – or even attempted to demonstrate – that under CarShield's proposed terms for the protective order, specific harm or prejudice will result.

As for CarShield's proposal for who can access AEO materials, the Court finds CarShield has demonstrated it has a valid reason for wanting Ms. Crane to review AEO documents.  Further, based on Ms. Crane's position and her represented duties at CarShield, the Court finds that Defendants' concerns regarding the potential for improper use of their highly confidential information can be addressed under the terms of the Protective Order.

In her declaration, Ms. Crane represents that her duties are focused on litigation and compliance, and that she "do[es] not hold a business-facing role, and [ does] not have authority over, or responsibility for, CarShield's pricing, sales strategy, marketing strategy, product development, customer acquisition, customer

8

retention, or competition positioning." (ECC No. 70, Ex. 4 at 1). The Court finds that Ms. Crane is not involved in "competitive decisionmaking" and there is little to no risk that she will inadvertently reveal confidential information in the course of her day-to-day activities at CarShield. *Process Controls Intern, Inc. v. Emerson Process Mgmt.*, No. 4:10-CV-645 CDP, 2011 WL 1791714, at *8 (E.D. Mo. May 10, 2011).

Further, the Court has carefully reviewed CarShield's proposed terms and procedures for the disclosure of AEO designated documents and information – which include limitations as to who may be designated as in-house counsel for accessing AEO materials and the procedures for objecting to such designations, as well as sanctions for disclosure violations – and finds that they adequately protect Defendants' interest in guarding its highly sensitive information. The Court will grant Defendants' request for the entry of a protective order, but it will adopt CarShield's proposed terms for the disclosure of AEO materials.

### C. Motion for Hearing

Finally, CarShield requests a hearing to present testimony and oral argument in support of its Motion for Preliminary Injunction against Pelican. The motion is unopposed, and the Court will set a hearing after the parties have had an opportunity to engage in limited discovery.

Accordingly,

9

**IT IS HEREBY ORDERED** that Plaintiff's NRRM, LLC, d/b/a CarShield and American Auto Shield, LLC's Motion to Expedite and for Limited Discovery is **GRANTED in part and denied in part.** The motion is granted as to Plaintiff NRRM, LLC, d/b/a CarShield and denied as to American Auto Shield, LLC. [ECF No. 10]

**IT IS FURTHER ORDERED** that the following expedited discovery schedule shall apply in this case:

> (a) Plaintiff NRRM, LLC, d/b/a CarShield, and Defendant Pelican Investment Holdings, LLC shall serve written discovery no later than **February 27, 2026**. Written discovery shall be limited to no more than ten (10) requests for production of discovery and four (4) interrogatories. All requests for written discovery shall be served through electronic mail delivery to which written responses and all non-privileged responsive documents and materials must be provided on or before **March 23, 2026.**
>
> (b) Plaintiff NRRM, LLC, d/b/a CarShield, and Defendant Pelican Investment Holdings, LLC may notice up to two (2) depositions. The parties shall confer with each other prior to issuance of notices in an attempt to find dates for depositions that are reasonably convenient. All depositions must be completed by **March 27, 2026.**

(c) The expedited discovery ordered herein shall be limited in subject matter to those issues that are pertinent to the pending motion for preliminary injunction.

**IT IS FURTHER ORDERED** that consistent with the terms of this Opinion, Memorandum and Order, Defendants Pelican Investment Holdings, LLC and National Administrative Service Co., LLC's Motion for Protective Order is **GRANTED in part and DENIED in part.** The Motion is **GRANTED** to the extent that the Court shall issue a separate Protective Order that adopts the language and terms proposed by Plaintiffs. In all other respects, the Motion is **DENIED.** [ECF No. 54]

**IT IS FURTHER ORDERED** that Plaintiff NRRM, LLC, d/b/a CarShield, Motion for a Preliminary Injunction Hearing is **GRANTED**. A Preliminary Injunction Hearing is set for hearing on **April 2, 2026, at 1:30 p.m.**, in the Courtroom of the undersigned. [ECF No. 86]

Dated this 20th day of February, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE