**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| NRRM, LLC d/b/a CARSHIELD, and AMERICAN AUTO SHIELD, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>PELICAN INVESTMENT HOLDINGS, LLC, and NATIONAL ADMINISTRATIVE SERVICE CO., LLC<br><br>*Defendants.* | No. 4:25-cv-1566-MAL |

## Memorandum and Order

Plaintiff NRRM d/b/a CarShield filed a motion for contempt sanctions against Defendant Pelican Investment Holdings, LLC ("Pelican"). Doc. 144. The Court **DENIES** the motion without prejudice.

## I. Background

CarShield and Pelican both sell car extended warranties. Doc. 94 at ¶ 1. CarShield filed this lawsuit, alleging that Pelican has been calling CarShield customers and making false statements about CarShield coverage. *Id.* at ¶¶ 7–8, 56. During the lawsuit's pendency, the parties negotiated a preliminary injunction order, which the Court issued. Doc. 140 at 1. The order prohibited Pelican from making seven types of statements—or statements substantially similar in meaning—to CarShield customers:

1. Blanket statements that dealerships or repair shops do not accept or have stopped accepting plans from NRRM, LLC, d/b/a CarShield ("CarShield");
2. Statements that CarShield's third-party claims administrator is not affiliated with CarShield;

3. Statements that Pelican does not use a third-party claims administrator;

4. Statements that CarShield is going out of or is about to go out of business;

5. Statements that Pelican knows the customer being called is a CarShield customer if Pelican does not know if the customer being called is a CarShield customer;

6. Statements that Pelican has or is calling a list of CarShield customers if the customer is not on such a list in Pelican's possession; and

7. Statements that CarShield has stopped paying claims, or that CarShield does not pay claims covered by its plans.

Doc. 140 at 2. The order included an exception for isolated statements by sales agents, defined as statements that are 1) sporadic, and 2) made without Pelican's authorization. *Id.* at 2–3.

CarShield filed a motion for contempt sanctions, alleging violations of the preliminary injunction order. Doc. 144. The Court held a contempt hearing on September 8, 2026. Doc. 165.

## II. Legal Standard

"Courts have power to adjudge persons who willfully disobey their orders to be in contempt and such power extends to both civil and criminal contempt." *Taylor v. Finch*, 423 F.2d 1277, 1279 (8th Cir. 1970); *see also* 18 U.S.C. § 401 (granting courts the power to punish disobedience of court orders). "The party seeking a civil contempt order bears the burden of proving facts warranting such relief by clear and convincing evidence." *Acosta v. La Piedad Corp.*, 894 F.3d 947, 951 (8th Cir. 2018). "A party cannot be held in contempt for violating an ambiguous court order." *Id.*

## III. Application of Law to Fact

Having examined the evidence, the Court finds that CarShield has not proven contempt by clear and convincing evidence. *Acosta*, 894 F.3d at 951. Most prohibited statements fall under the isolated statements exception. Doc. 140 at 2–3. And even if Pelican violated the prohibition against certain "blanket statements," *id.* at 2, the

prohibition was too ambiguous as applied to Pelican's conduct to warrant contempt sanctions.

**A. Most statements fall within the isolated statements exception.**

CarShield claims that at least 45 phone calls between Pelican sales agents and CarShield customers contained prohibited statements between April 2026 and July 2026. Doc. 174 at 2; Doc. 140 (preliminary injunction order was initially entered in April 2026). Assuming this is true, CarShield has still failed to show by clear and convincing evidence that the preliminary injunction order's isolated statements exception does not apply. Doc. 140 at 2–3.

To come within the isolated statements exception, statements must be both unauthorized and sporadic. *Id.* CarShield's own evidence reveals that Pelican supervisors repeatedly warned sales agents not to make prohibited statements. *See* Pl. Exhibit 100 (supervisor's electronic messages to sales staff warning them to stop making prohibited statements).[1] The record also suggests that Pelican took disciplinary action against certain sales agents for making prohibited statements. *Id.* Consequently, the Court does not find by clear and convincing evidence that Pelican willfully turned a blind eye to misconduct by its sales agents. The Court concludes that CarShield has failed to prove authorization by clear and convincing evidence.

The Court also must decide whether the unauthorized prohibited statements were sporadic. Webster's Second New International Dictionary defines the word "sporadic" to mean "[o]ccurring occasionally, singly, or apart from other things of the same kind, or in scattered instances[.]" Webster's Second New International Dictionary 2436 (1957). Thus, the Court must ascertain whether the prohibited statements contained in the sales agents' calls occurred "occasionally, singly, or apart" from other calls of the same kind (namely, calls with CarShield customers). *Id.* CarShield's evidence is insufficient to show that the statements were more than sporadic because the Court does not know how frequently Pelican's agents spoke to CarShield customers. Thus, the Court cannot definitively state that prohibited

[1] Plaintiff's Exhibit 100 was physically filed with the Court and depicts a supervisor's electronic messages to staff.

statements occurred more than sporadically during calls to CarShield customers. Depending on the number of calls made to CarShield customers, prohibited statements may have been outliers, and thus sporadic. The Court concludes that CarShield has failed to show by clear and convincing evidence that prohibited statements were more than sporadic.

Thus, CarShield has failed to show by clear and convincing evidence that the isolated statements exception does not apply.

### B. The prohibition against certain blanket statements is ambiguous as applied to Pelican's conduct to warrant contempt sanctions.

The prohibition against certain blanket statements is too ambiguous as applied to Pelican's conduct to warrant contempt sanctions. The preliminary injunction order prohibited "blanket statements that dealerships or repair shops do not accept or have stopped accepting plans from" CarShield. Doc. 140 at 2. Pelican sought to avoid the prohibition by making statements with qualifiers such as "many, "most," or "a majority of dealerships." Doc. 173 at 3. Essentially, Pelican claims that statements such as "most dealerships do not accept plans from CarShield" are not blanket statements that violate the order. *Id.* CarShield claims that Pelican's authorization of such statements warrants contempt sanctions. Doc. 174 at 6.

Whether or not Pelican has correctly interpreted the preliminary injunction order, the order's language is too ambiguous as applied to Pelican's conduct for a contempt finding. "Blanket" means "effective or applicable in all, rather than any specified, instances or contingencies; as a *blanket* price, clause, or injunction; *blanket* insurance; a *blanket* complaint; *blanket* rules." Webster's Second New International Dictionary 284 (1957). If this definition applies to the language in the preliminary injunction order, a blanket statement about dealerships would be a statement applicable to all dealerships, as opposed to most dealerships or many dealerships. The Court cannot definitively state that the Webster's Second definition does not apply. Thus, even if Pelican violated the order, it did not violate an unambiguous

command of the order. *Acosta*, 894 F.3d at 951 ("A party cannot be held in contempt for violating an ambiguous court order.").[2]

CarShield has failed to show that Pelican violated an unambiguous court order.

**Conclusion**

The Court denies CarShield's motion for contempt, Doc. 144, without prejudice. But the Court's denial of the motion rests primarily on the absence of clear and convincing evidence. *Acosta*, 894 F.3d at 951 (civil contempt requires "clear and convincing evidence"). The Court is disturbed by the evidence presented and is not entirely convinced that Pelican is acting in as good faith as it could be. CarShield may file a new contempt motion, if it wishes, once discovery uncovers more evidence of Pelican's interactions with CarShield customers.

Accordingly, the motion for contempt, Doc. 144, is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Pelican's motion *in limine* to exclude hearsay evidence, Doc. 160, be **DENIED** as moot.[3]

**SO ORDERED,**

This 24th day of November, 2026.

Maria A. Lanahan
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE

[2] CarShield argues that Pelican authorized statements that are "substantially similar" to the prohibited blanket statements. Doc. 174 at 6; *see* Doc. 140 at 2 (prohibiting substantially similar statements). Again, the prohibition against substantially similar statements does not unambiguously include the statements at issue here.

[3] Pelican's motion is moot because the Court did not consider hearsay evidence in the course of its analysis. Instead, the Court assumed for purposes of this decision that Pelican agents' calls contained prohibited statements.